UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OWEN ARENT, Individually and on Behalf of All Others Similarly Situated, | Civ. No. 5:21-11618-JEL-APP |
| Plaintiff, | CLASS ACTION |
| v. | STIPULATION AND ORDER |
| ROCKET COMPANIES, INC., et al., | |
| Defendants. | |

Plaintiff Owen Arent ("Plaintiff"), and Defendants Rocket Companies, Inc., Jay D. Farner, Julie R. Booth, Robert Dean Walters, and Daniel Gilbert ("Defendants") (collectively, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on July 13, 2021, Plaintiff filed a complaint captioned *Arent* v. *Rocket Companies, Inc*., No. 5:21-cv-11618 (the "Complaint"), a putative class action arising under the Securities Exchange Act of 1934 ("Exchange Act"), including the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4, against Defendants;

WHEREAS, all Defendants have either been served with the Complaint or agreed to waive service;

WHEREAS, on June 29, 2021, plaintiff Zoya Qaiyum filed a substantially similar putative class action arising out of the same set of facts and circumstances as the existing Complaint which also asserted claims against Defendants under the Exchange Act and the PSLRA, captioned *Qaiyum* v. *Rocket Companies, Inc.*, No. 5:21-cv-11528 (the "*Qaiyum* Action");

WHEREAS, Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(A)(i), requires a plaintiff to cause public notice to be published within twenty (20) days of filing a putative class action that arises under the PSLRA, which notice plaintiff in the *Qaiyum* Action caused to be published on June 29, 2021;

WHEREAS, motions for appointment of lead plaintiff and lead counsel pursuant to Section 21D of the PSLRA will be filed with the Court on or before August 30, 2021 (sixty (60) days after notice was published to the purported class that is not a Saturday, Sunday, or legal holiday);

WHEREAS, under the PSLRA, the Court must first decide any motions to consolidate before deciding motions for appointment of lead plaintiff and lead counsel, including motions to consolidate the above-captioned action and the *Qaiyum* Action; and

WHEREAS, the Parties agree that, for reasons of judicial efficiency and economy, conservation of time and resources, and orderly management of this

- 2 -

action, Defendants should not respond to the existing Complaint and any further complaints that may be filed arising out of the same set of facts and circumstances as set forth in the existing Complaint, individually, but rather, should withhold responding to any of these actions until after:  (i) the Court has had the opportunity to determine any motions to consolidate the above-captioned action with other actions; (ii) the Court has appointed lead plaintiff and lead counsel; and (iii) the lead plaintiff has filed a consolidated complaint or designated the Complaint as the operative complaint.

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and among the Parties hereto and subject to approval by the Court:

1.     Defendants shall, and hereby do, accept service of the Complaint;

2.     Defendants' time to respond to the Complaint (by motion, answer, or otherwise) shall be extended as described in paragraphs 4 and 5 below.

3.     Within forty-five (45) days after entry of an Order appointing lead plaintiff(s) and lead plaintiff's counsel, lead plaintiff(s) shall either (i) advise Defendants that lead plaintiff(s) deems the Complaint the operative complaint, or (ii) file and serve a consolidated amended complaint (the "Amended Complaint").

4.     Defendants' time to respond (by motion, answer, or otherwise) to the Complaint or Amended Complaint is extended through and including forty-five (45)

days after (i) notice to Defendants that lead plaintiff(s) deems the Complaint the operative complaint, or (ii) service and filing of the Amended Complaint.

5.      If Defendants elect to respond to the Complaint or Amended Complaint by motion, (i) lead plaintiff(s)' opposition to such motion shall be due forty-five (45) days after service and filing of the opening papers on the motion, and (ii) Defendants' reply papers shall be due thirty (30) days after service and filing of the opposition.

6.      Except as to the defense of insufficiency of service of process, by entering into this stipulation, Defendants do not waive, and hereby expressly preserve, all potential defenses in this litigation, including but not limited to defenses relating to venue or jurisdiction.

IT IS SO STIPULATED.

DATED:  August 19, 2021

Respectfully submitted,

POMERANTZ LLP
JEREMY A. LIEBERMAN
J. ALEXANDER HOOD II


/S/ *J. Alexander Hood, II* (with consent)
J. ALEXANDER HOOD II

600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jaliberman@pomlaw.com
ahood@pomlaw.com

BRONSTEIN, GEWIRTZ &
  & GROSSMAN, LLC
PERETZ BRONSTEIN
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296
peretz@bgandg.com

*Attorneys for Plaintiff Owen Arent*

DATED:  August 19, 2021

MORGANROTH & MORGANROTH, PLLC
JEFFREY MORGANROTH

/S/ *Jeffrey B. Morganroth*
JEFFREY B. MORGANROTH

344 North Old Woodward Ave.
Suite 200
Birmingham, Michigan  48009
Telephone:  (248) 864-4000
Facsimile:  (248) 864-4001
jmorganroth@morganrothlaw.com

SULLIVAN & CROMWELL LLP
SHARON L. NELLES
JEFFREY T. SCOTT (application for admission pending)
JULIA A. MALKINA (application for admission pending)
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 588-3588
nelless@sullcrom.com
scottj@sullcrom.com
malkinaj@sullcrom.com

*Attorneys for Defendants Rocket Companies, Inc., Jay D. Farner, Julie R. Booth, Robert Dean Walters, and Daniel Gilbert*

\*   \*   \*

# O R D E R

IT IS SO ORDERED.

DATE: August 25, 2021

S/JUDITH E. LEVY
THE HONORABLE JUDITH E. LEVY
UNITED STATES DISTRICT JUDGE