# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ZOYA QAIYUM, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ROCKET COMPANIES, INC., et al., )<br><br>Defendants. )<br>_____ | Civ. No. 5:21-cv-11528-JEL-APP<br><br>Honorable Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |
| OWEN ARENT, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ROCKET COMPANIES, INC., et al., )<br><br>Defendants. )<br>_____ | Civ. No. 5:21-cv-11618-JEL-APP<br><br>Honorable Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |

# RICHARD D. BATSON'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

Plaintiff Richard D. Batson moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the two above-captioned related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Batson as Lead Plaintiff; and (3) approving Mr. Batson's selection of Robbins Geller Rudman & Dowd LLP and The Miller Law Firm, P.C. as Co-Lead Counsel.[1]  In support of this Motion, Mr. Batson submits herewith a Memorandum of Law and Exhibits.

DATED:  August 30, 2021                Respectfully submitted,

                                       THE MILLER LAW FIRM, P.C.


                                       _/s/ E. Powell Miller_
                                       E. POWELL MILLER (P39487)
                                       SHARON S. ALMONRODE (P33938)
                                       DENNIS A. LIENHARDT, JR. (P81118)
                                       950 West University Drive, Suite 300
                                       Rochester, MI  48307
                                       Telephone:  248/841-2200
                                       248/652-2852 (fax)
                                       epm@millerlawpc.com
                                       ssa@millerlawpc.com
                                       dal@millerlawpc.com

---

[1]     Local Rule 7.1(a) requires a conference of counsel before filing motions. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Batson will not know which other class members, if any, will seek appointment as lead plaintiff until after the filing deadline expires. Consequently, Mr. Batson respectfully requests that Local Rule 7.1(a)'s conferral requirement be waived in this narrow instance.

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

*[Proposed] Co-Lead Counsel for
[Proposed] Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ZOYA QAIYUM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 5:21-cv-11528-JEL-APP |
| Plaintiff, | ) ) ) | Honorable Judith E. Levy |
| vs. | ) ) ) | Magistrate Judge Anthony P. Patti |
| ROCKET COMPANIES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| OWEN ARENT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 5:21-cv-11618-JEL-APP |
| Plaintiff, | ) ) ) | Honorable Judith E. Levy |
| vs. | ) ) ) | Magistrate Judge Anthony P. Patti |
| ROCKET COMPANIES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## RICHARD D. BATSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

## **<u>STATEMENT OF ISSUES PRESENTED</u>**

1.     Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.     Whether the Court should appoint Mr. Batson as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.     Whether the Court should approve Mr. Batson's selection of Robbins Geller and The Miller Law Firm as Co-Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

The lead plaintiff provisions of the PSLRA, 15 U.S.C. §78u-4(a)(3), *et seq*.

## I.    INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Rocket Companies, Inc. ("Rocket" or the "Company")  securities between February 25, 2021 and May 5, 2021, inclusive (the "Class Period"): *Qaiyum v. Rocket Companies, Inc*., No. 5:21-cv-11528-JEL-APP, and *Arent v. Rocket Companies, Inc*., No. 5:21-cv-11618-JEL-APP (the "Related Actions").  In securities class actions, the PSLRA dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Batson should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr.

Batson's selection of Robbins Geller and The Miller Law Firm to serve as Co-Lead Counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND

Based in Detroit, Rocket is the largest mortgage originator in the United States.  The Company operates the Rocket Mortgage online platform, which allows clients to apply for and service mortgages through the Internet or by using the Company's proprietary mobile phone app.  Ninety percent of the Company's revenues are derived from originating, closing, selling, and servicing home mortgages. The Company's Class A common stock trades on the New York Stock Exchange under the ticker RKT.

Rocket operates two primary segments: (i) the Direct-to-Consumer segment; and (ii) the Partner Network segment. In its Direct-to-Consumer segment, Rocket directly interacts with clients and potential clients using various performance marketing channels. In its Partner Network, Rocket partners with third parties who utilize the Company's platform to provide their clients with mortgage solutions. The Partner Network has lower operating margins because Rocket shares profits with its partners.  Historically, Rocket's Direct-to-Consumer segment has accounted for the substantial majority of the Company's revenues.

The complaints allege that, throughout the Class Period, Defendants made false and misleading statements and failed to disclose that:

(i) Rocket's gain on sale margins were contracting at the highest rate in two years as a result of increased competition among mortgage lenders, an unfavorable shift toward the lower margin Partner Network operating segment and compression in the price spread between the primary and secondary mortgage markets;

(ii) Rocket was engaged in a price war and battle for market share with its primary competitors in the wholesale market, which was further compressing margins in Rocket's Partner Network operating segment;

(iii) the adverse trends identified above were accelerating and, as a result, Rocket's gain-on-sale margins were on track to plummet at least 140 basis points in the first six months of 2021;

(iv) as a result, the favorable market conditions that had preceded the Class Period and allowed Rocket to achieve historically high gain-on-sale margins had vanished as Rocket's gain-on-sale margins had returned to levels not seen since the first quarter of 2019;

(v) rather than remaining elevated due to surging demand, Rocket's company-wide gain-on-sale margins had fallen materially below pre-pandemic averages; and

(vi) consequently, defendants' positive statements about Rocket's business operations and prospects were materially misleading and/or lacked a reasonable basis.

On May 5, 2021, Rocket reported that it was on track to achieve closed loan volume within a range of only $82.5 billion and $87.5 billion and gain-on-sale margins within a range of only 2.65% to 2.95% for the second quarter of 2021. At the mid-point, this gain on sale margin represented Rocket's lowest quarterly gain-on-sale margin in two years. The collapse in Rocket's gain-on-sale margin reflected

the fact that the favorable market conditions purportedly being experienced by the Company during the Class Period had in fact reversed.

During a conference call to explain the results, Rocket's Chief Financial Officer and Treasurer, Defendant Julie R. Booth, revealed that the sharp decline in quarterly gain-on-sale margin was being caused by three factors: (i) pressure on loan pricing; (ii) a product mix shift to Rocket's lower margin Partner Network segment; and (iii) a compression in price spreads between the primary and secondary mortgage markets.  Defendant Booth also admitted that certain of these trends began "at the end of Q1."  *Qaiyum,* ECF No. 1 at ¶35.

On this news, the price of Rocket Class A common stock fell by nearly 17% to close at $19.01 per share.  As the market continued to digest the news in the days that followed, the price of Rocket Class A common stock continued to decline, falling to a low of just $16.48 per share by May 11, 2021.

## III. ARGUMENT

### A.    This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against the same defendants during the same Class Period.  Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases.  Thus, consolidation is appropriate here.

### B.    Mr. Batson Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Batson meets each of these requirements and should, therefore, be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

On June 29, 2021, Robbins Geller published notice of the first-filed *Qaiyum* Action on *Business Wire*, advising potential class members of the pendency of the Action, the claims asserted, and the right to seek appointment as lead plaintiff no later than sixty days following the date of the notice, or August 30, 2021. *See* Notice of pendency of class action, Ex. A.  Mr. Batson's Motion is, therefore, timely and he is entitled to be considered for appointment as Lead Plaintiff.

### 2.   Mr. Batson Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Batson purchased 42,010 shares of Rocket's Class A stock and suffered over $117,674 in losses as a result of defendants' alleged violations of the Exchange Act.  *See* Richard D. Batson's Certification of Mr. Batson, Ex. B; Chart of Richard D. Batson's estimated losses, Ex. C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Batson satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   Mr. Batson Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the

class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

Rule 23's "typicality" requirement is met if the plaintiff's claims "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). The rule's "adequacy" requirement is satisfied where the representative "'ha[s] common interests with unnamed members of the class'" and will "'vigorously prosecute the interests of the class through qualified counsel.'" *Id.* at 1083 (citation omitted).

Mr. Batson satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Rocket Class A common stock and suffered a loss as a result of defendants' alleged misconduct. Indeed, like all other class members, Mr. Batson: (1) purchased Rocket securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, Mr. Batson's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

Mr. Batson also satisfies the adequacy requirement. Mr. Batson is a sophisticated investor who has submitted a declaration confirming his willingness and ability to serve as lead plaintiff. *See* Declaration of Richard D. Batson, Ex. D.

Mr. Batson is a Florida-based retiree with over fifteen years of investing experience and a familiarity with selecting and overseeing lawyers. *See id.*, ¶1. And, as further detailed below and in his declaration, Mr. Batson retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.*, ¶6.

Because Mr. Batson filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### C.    The Court Should Approve Mr. Batson's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts are "encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'" *Haase v. GunnAllen Fin., Inc.*, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) (citation omitted).[2]

Mr. Batson has selected Robbins Geller and The Miller Law Firm as Co-Lead Counsel. Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the

---

[2]    The unpublished cases cited herein are attached as Ex. G.

benefit of the class.[3]  Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues. Courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020) (finding that Robbins Geller "possesses the requisite expertise and experience necessary to handle a case of this magnitude and complexity");  *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  And, in 2021, Robbins Geller as sole lead counsel has

---

[3]      Robbins Geller's Firm Resume is attached as Ex. E.

secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Robbins Geller attorneys have obtained the largest securities fraud class action recovery in this Circuit and in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

The Miller Law Firm also has extensive experience successfully prosecuting and serving as lead counsel in a range of highly complex securities fraud class actions, both in state and federal court.[5] For example, The Miller Law Firm was co-lead counsel in *In re AIG 2008 Securities Litig.,* No. 08-CV-4772 (S.D.N.Y.), which

---

[4]     *See In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[5]     The Miller Law Firm Resume is attached as Exhibit F.

settled for $970.5 million, the highest securities fraud class action settlement in the United States in 2015.

The Miller Law Firm has also successfully prosecuted securities fraud class actions in this District. In 2019, the Miller Law Firm served as Co-Lead Counsel in *Palazzolo v. Fiat Chrysler Automobiles N.V.*, No. 4:16-cv-12803 (E.D. Mich.), which settled for $14.75 million and as Liaison Counsel in *Zimmerman v. Diplomat Pharmacy, Inc., et al.*, No. 2:16-cv-14005 (E.D. Mich.), which settled for $14.1 million. Additionally, The Miller Law Firm served as Liaison Counsel in *New York Teachers Retirement System v. General Motors Company*, No. 4:14-cv-11191 (E.D. Mich.), which settled for $300 million in 2016 and as Co-Lead Counsel in *In Re Caraco Pharm. Labs., Ltd. Sec. Litig.*, No. 2:09-cv-12830 (E.D. Mich.), which settled for $2.975 million in 2013.

As such, Mr. Batson's selection of Robbins Geller and The Miller Law Firm as Co-Lead Counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions are virtually identical and should be consolidated.  Mr. Batson has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff.  As such, Mr. Batson respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller and The Miller Law Firm as Co-Lead Counsel.

DATED:  August 30, 2021          Respectfully submitted,

THE MILLER LAW FIRM, P.C.

*/s/ E. Powell Miller*
E. POWELL MILLER (P39487)
SHARON S. ALMONRODE (P33938)
DENNIS A. LIENHARDT, JR. (P81118)
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone:  248/841-2200
248/652-2852 (fax)
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

*[Proposed] Co-Lead Counsel for*
*[Proposed] Lead Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document and attached exhibits through the Court's CM/ECF system on August 30, 2021, which will serve all counsel of record.

*/s/ E. Powell Miller*
E. POWELL MILLER