## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ZOYA QAIYUM, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>ROCKET COMPANIES, INC., JAY FARNER, JULIE BOOTH, ROBERT DEAN WALTERS, and DANIEL GILBERT,<br><br>          Defendants. | No. 5:21-cv-11528-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |
| OWEN ARENT, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>ROCKET COMPANIES, INC., JAY FARNER, JULIE BOOTH, ROBERT DEAN WALTERS, and DANIEL GILBERT,<br><br>          Defendants. | No. 5:21-cv-11618-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti |

## MOTION OF CARL SHUPE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

PLEASE TAKE NOTICE that proposed Lead Plaintiff Carl Shupe respectfully moves the Court, pursuant to the Federal Rules of Civil Procedure and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions; (2) appointing Mr. Shupe as Lead Plaintiff; (3) approving his selection of Labaton Sucharow LLP as Lead Counsel for the Class and Allen Brothers PLLC as Liaison Counsel to the Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

This Motion is made on the grounds that Mr. Shupe believes he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Mr. Shupe has, to his counsel's knowledge, the "largest financial interest" in the relief sought by the Class in this action.  Mr. Shupe also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 because his claims are typical of other Class members' claims, and because he will fairly and adequately represent the Class. Further, Mr. Shupe will provide effective monitoring and supervision of counsel.

Mr. Shupe respectfully requests oral argument.

This Motion is based upon the accompanying supporting Memorandum of Law, the Index of Exhibits filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Mr. Shupe respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Mr. Shupe as Lead Plaintiff; (3) approving Mr. Shupe's selection of Labaton Sucharow LLP as Lead Counsel for the

Class and Allen Brothers PLLC as Liaison Counsel to the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## LOCAL RULE 7.1 STATEMENT

Pursuant to Local Rule 7.1(a) and Your Honor's Practice Guidelines for Motion Practice, parties are required to seek a concurrence before filing a motion. Because of the PSLRA's procedure, however, whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as Lead Plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Shupe will not know what other Class members, if any, will seek appointment as Lead Plaintiff until after motions are filed on or before August 30, 2021. Accordingly, Mr. Shupe respectfully requests that this conferral requirement be waived in this narrow instance.

DATED: August 30, 2021                    Respectfully Submitted,

/s/ James P. Allen, Sr.

James P. Allen, Sr. (P52885)
Neil B. Pioch (P67677)
**ALLEN BROTHERS PLLC**
400 Monroe Street, Suite 620
Detroit, Michigan 48226
Telephone: (313) 962-7777
Facsimile: (313) 962-0581
jamesallen@allenbrotherspllc.com
neilpioch@allenbrotherspllc.com

*Proposed Liaison Counsel for the Class*

Christopher J. Keller (*pro hac vice forthcoming*)
Eric J. Belfi (*pro hac vice forthcoming*)
Francis P. McConville (*pro hac vice forthcoming*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005

3

Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff,*
*and Proposed Lead Counsel for the Class*

Guillaume Buell (*pro hac vice forthcoming*)
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 720-1333
Facsimile: (617) 720-2445
gbuell@tenlaw.com

*Additional Counsel for Proposed Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ZOYA QAIYUM, Individually and On Behalf of All Others Similarly Situated, | No. 5:21-cv-11528-JEL-APP |
| Plaintiff, | District Judge Judith E. Levy |
| v. | Magistrate Judge Anthony P. Patti |
| ROCKET COMPANIES, INC., JAY FARNER, JULIE BOOTH, ROBERT DEAN WALTERS, and DANIEL GILBERT, | |
| Defendants. | |
| OWEN ARENT, Individually and On Behalf of All Others Similarly Situated, | No. 5:21-cv-11618-JEL-APP |
| Plaintiff, | District Judge Judith E. Levy |
| v. | Magistrate Judge Anthony P. Patti |
| ROCKET COMPANIES, INC., JAY FARNER, JULIE BOOTH, ROBERT DEAN WALTERS, and DANIEL GILBERT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CARL SHUPE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)...................................... ii

CONTROLLING OR MOST APPROPRIATE  AUTHORITY FOR THE RELIEF SOUGHT
PURSUANT TO LR 7.1(d)(2)................................................................................................ iii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTUAL BACKGROUND................................................................................................. 3

ARGUMENT .......................................................................................................................... 5

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 5

    II.    MR. SHUPE SHOULD BE APPOINTED LEAD PLAINTIFF .......................... 6

          A.     The PSLRA Standard for Appointing Lead Plaintiff................................. 6

          B.     Mr. Shupe Is the "Most Adequate Plaintiff"................................................ 7

                 1.     Mr. Shupe's Motion Is Timely...................................................... 7

                 2.     Mr. Shupe Has a Substantial Financial Interest ............................ 7

                 3.     Mr. Shupe Satisfies Rule 23's Typicality and Adequacy
                         Requirements .................................................................................. 8

    III.   MR. SHUPE'S SELECTION OF LEAD COUNSEL MERITS
          APPROVAL .......................................................................................... 10

CONCLUSION...................................................................................................................... 11

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ................................................8,9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001).................................................9

*Lax* v. *First Merchs. Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (Aug. 11, 1997) .................................7

*Pio* v. *Gen. Motors Co.*,
  No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014)........................6, 7, 8

*Ruckel* v. *Ford Motor Co.*,
  No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).....................7, 8, 9,

RULES & STATUTES

Fed. R. Civ. P. 23 ................................................................ *passim*

Fed. R. Civ. P. 42 ................................................................ *passim*

15 U.S.C. § 78u-4(a)(3) ........................................................... *passim*

DOCKETED CASES

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-08141 (S.D.N.Y.)................................................9

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-01963 (S.D.N.Y.) ...............................................10

*In re Fannie Mae 2008 Sec. Litig.*,
  No. 08-cv-07831 (S.D.N.Y.).................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-02027 (S.D.N.Y.) ...............................................10

OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................9

Manual for Complex Litigation (Fourth) § 10.221 (2004) ...........................................10

i

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.      Whether the above-captioned related actions should be consolidated.

Mr. Shupe's Answer: Yes.

2.      Whether Mr. Shupe possesses the largest financial interest in the relief sought by the Class.

Mr. Shupe's Answer: Yes.

3.      Whether Mr. Shupe has made the required preliminary showing he is a typical and adequate Class representative.

Mr. Shupe's Answer: Yes.

4.      Whether any opposing movant can offer the required proof to rebut the presumption that Mr. Shupe is the most adequate plaintiff.

Mr. Shupe's Answer: No.

5.      Whether the Court should approve Mr. Shupe's selection of Lead Counsel and Liaison Counsel.

Mr. Shupe's Answer: Yes.

<u>**CONTROLLING OR MOST APPROPRIATE**</u>
<u>**AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)**</u>

1.      15 U.S.C. § 78u-4(a)(3).

2.      *Pio* v. *Gen. Motors Co.*, No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).

3.      *Ruckel* v. *Ford Motor Co.*, No. 17-cv-13536, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).

4.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

Proposed Lead Plaintiff Carl Shupe respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his motion for the entry of an Order: (1) appointing Mr. Shupe as Lead Plaintiff in the above-captioned action (the "Action"); (2) approving Mr. Shupe's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Allen Brothers PLLC ("Allen Brothers") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Carl Shupe respectfully submits that he should be appointed Lead Plaintiff in the Action on behalf of a class consisting of all purchasers of Rocket Companies, Inc. ("Rocket" or the "Company") Class A common stock between February 25, 2021 and May 5, 2021, both dates inclusive (the "Class Period"), who were damaged thereby (the "Class"). The Action seeks to recover damages caused by alleged violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Jay D. Farner, Julie R. Booth, Robert Dean Walters, and Daniel Gilbert (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Mr. Shupe respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Shupe incurred

losses of *$434,026.12* on his Class Period transactions in Rocket Class A common stock as calculated on a last-in-first-out ("LIFO") basis.[1]   Accordingly, Mr. Shupe has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.  In addition to asserting a substantial financial interest in this litigation, Mr. Shupe also satisfies the relevant requirements of Federal Rule of Civil Procedure 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.

Finally, pursuant to the PSLRA, Mr. Shupe respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class and Allen Brothers as Liaison Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Mr. Shupe respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his choice of Lead Counsel.

---

[1]   Mr. Shupe's $434,026.12 loss includes $39,943.94 in losses assigned to him by his wife.  A copy of this assignment and Mr. Shupe's PSLRA Certification are attached as Exhibits A and C to the Index of Exhibits.  The Certification sets forth all transactions of Mr. and Mrs. Shupe in Rocket Class A common stock during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Mr. and Mrs. Shupe on their Class Period transactions in Rocket Class A common stock ("Loss Analysis") is attached as Exhibit D to the Index of Exhibits.

## FACTUAL BACKGROUND[2]

Defendant Gilbert founded Rocket in 1985.  ¶ 15.  Rocket, based in Detroit, is the largest mortgage originator in the United States, with an estimated 9.2% market share as of March 31, 2020.  *Id.*  The Company operates the Rocket Mortgage online platform, which allows clients to apply for and service mortgages through the Internet or by using the Company's proprietary mobile phone app.  *Id.*  Ninety percent (90%) of the Company's revenues are derived from originating, closing, selling and servicing home mortgages.  *Id.*

Rocket's mortgage origination business generates revenues primarily from the gain on sale of loans, which includes loan origination fees, revenues from sales of loans into the secondary market, as well as the fair value of originated mortgage serving rights and hedging gains and losses. ¶ 17.  One of the most important metrics in measuring Rocket's financial performance is the Company's gain on sale margin, which refers to the Company's net gain on sale of loans divided by the net rate lock volume for the period, excluding all reverse mortgage activity.  *Id.*  Net rate lock volume refers to the unpaid principal balance of loans issued by the Company subject to interest rate lock commitments, net of certain factors identified by Company.  *Id.*  The gain on sale margin is viewed by investors as a core measure of Rocket's profitability.  *Id.*

The Complaint alleges that during the Class Period, Defendants misrepresented and failed to disclose adverse facts about Rocket's business, operations and prospects, which were known to or recklessly disregarded by them, as follows:

> (a) that Rocket's gain on sale margins were contracting at the highest rate in two years as a result of increased competition among mortgage lenders, an unfavorable

---

[2] The following are as alleged in the Complaint.  *See* ECF No. 1.  References to "¶ __" are to paragraphs of the Complaint.

shift toward the lower margin Partner Network operating segment and compression in the price spread between the primary and secondary mortgage markets;

(b) that Rocket was engaged in a price war and battle for market share with its primary competitors in the wholesale market, which was further compressing margins in Rocket's Partner Network operating segment;

(c) that the adverse trends identified above were accelerating and, as a result, Rocket's gain on sale margins were on track to plummet at least 140 basis points in the first six months of 2021;

(d) that, as a result of the above, the favorable market conditions that had preceded the Class Period and allowed Rocket to achieve historically high gain on sale margins had vanished as the Company's gain on sale margins had returned to levels not seen since the first quarter of 2019;

(e) that, rather than remaining elevated due to surging demand, Rocket's Company-wide gain-on-sale margins had fallen materially below recent historical averages; and

(f) that as a result of the foregoing, defendants' positive statements about the Company's business operations and prospects were materially misleading and/or lacked a reasonable basis.

¶ 34.  On May 5, 2021, Rocket issued a press release announcing its first quarter results and second quarter outlook.  ¶ 35.  Rocket reported that it was on track to achieve closed loan volume within a range of only $82.5 billion and $87.5 billion and gain on sale margins within a range of only 2.65% to 2.95% for the second quarter of 2021.  *Id.*  At the mid-point, this gain on sale margin estimate equated to a 239 basis point decline year-over-year and a 94 basis point decline

sequentially, which represented the Company's lowest quarterly gain on sale margin in two years. *Id.*  The stunning collapse in the Company's gain on sale margin reflected the fact that the favorable market conditions purportedly being experienced by the Company during the Class Period had in fact reversed.  *Id.*  During a conference call to explain the results, defendant Booth revealed that the sharp decline in quarterly gain on sale margin was being caused by three factors: (i) pressure on loan pricing; (ii) a product mix shift to Rocket's lower margin Partner Network segment; and (iii) a compression in price spreads between the primary and secondary mortgage markets.  *Id.*  Defendant Booth also admitted that certain of these trends began "at the end of Q1" – i.e., before the massive insider sales by RHI.  *Id.*

As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Shupe and the Class have suffered significant losses and damages.  *See* ¶¶ 36-37.

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

There are at least two related actions pending in this District against Defendants: *Qaiyum v. Rocket Companies, Inc.*, No. 5:21-cv-11528 (E.D. Mich.) and *Arent v. Rocket Companies, Inc.*, No. 5:21-cv-11618 (E.D. Mich.) (the "Related Actions").

These actions present similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, name the same Defendants, and arise out of substantially similar misstatements.  *See French v. CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (finding that "consolidation is particularly appropriate in securities class action litigation"); *In re Regions Morgan Keegan Closed–End Fund Litig.*, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (noting that "[c]onsolidation would conserve judicial resources and allow a more expeditious adjudication of [p]laintiffs' claims" where two

securities class actions "raise[d] similar legal and factual issues").  Accordingly, consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

## II.    MR. SHUPE SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Shupe respectfully submits that he should be appointed Lead Plaintiff because he filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (2) has the largest financial interest in the relief sought by the class, and

(3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pio* v. *Gen. Motors Co.*, 2014 WL 5421230, at *2 (E.D. Mich. Oct. 24, 2014) (Parker, J.). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Gen. Motors Co.*, 2014 WL 5421230, at *8.  Under the framework established by the PSLRA, Mr. Shupe is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.    Mr. Shupe Is the "Most Adequate Plaintiff"

#### 1.    Mr. Shupe's Motion Is Timely

Mr. Shupe filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely-circulated, national, business-oriented news wire service, on June 29, 2021.  *See* Index of Exhibits, Ex. E. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e*., on or before August 30, 2021.  Mr. Shupe filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.    Mr. Shupe Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of filing, Mr. Shupe believes he has the largest financial interest of any Lead Plaintiff movant. Pursuant to the four factors set forth in *Lax* v. *First Merchants Acceptance Corp.*,

as adopted by this Court, financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See* 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997); *see also Ruckel* v. *Ford Motor Co.*, 2018 WL 783534, at \*2 (E.D. Mich. Feb. 7, 2018) (Parker, J.) (utilizing *Lax* Factors); *Gen. Motors Co.*, 2014 WL 5421230, at \*2 (same). During the Class Period, Mr. Shupe: (1) purchased 27,150 shares of Rocket Class A common stock; (2) retained all 27,150 shares at the end of the Class Period; (3) made net expenditures of $936,371.18 on these shares; and (4) as a result of the alleged revelation of fraud, suffered a loss of ***$434,026.12***.  *See* Loss Analysis, Ex. D.[3]

Accordingly, Mr. Shupe has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.    Mr. Shupe Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage of the litigation, however, 'all that is required is a 'preliminary showing that the lead plaintiff's claims are typical and adequate [of the class].''"  *Ford Motor Co.*, 2018 WL 783534, at \*2 (citation omitted).  Here, Mr. Shupe satisfies both requirements.

Mr. Shupe's claims are typical of the claims asserted by the proposed Class.  "Rule 23's 'typicality' requirement is met if the plaintiff's claims 'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are

---

[3] As set forth *supra*, Mr. Shupe's claims includes those assigned to him by his wife.

based on the same legal theory.'" *Gen. Motors Co.*, 2014 WL 5421230, at *4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).   Here, like all members of the Class, Mr. Shupe alleges that Defendants made material misstatements and omissions regarding the Company's business, operations, and prospects.   Mr. Shupe, as did all of the members of the Class, purchased Rocket Class A common stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.   Accordingly, because Mr. Shupe's claims arise out of the same course of events and relies on the same legal theories as do the claims of other Class members, the typicality requirement is satisfied.

Mr. Shupe likewise satisfies the adequacy requirement of Rule 23.   "The . . . 'adequacy' requirement is satisfied where the representative 'ha[s] common interests with those of unnamed class representatives' and is 'capable of vigorously prosecuting the action with the assistance of qualified counsel.'"   *Id.* (quoting *Am. Med. Sys.*, 75 F.3d at 1082).   As applied, Mr. Shupe will fairly and adequately represent the interests of the proposed Class.   Indeed, "unlike investors with a nominal financial interest in the class action," Mr. Shupe has "the incentive to monitor the litigation, control lead counsel, and police any proposed settlement."   *Ford Motor Co.*, 2018 WL 783534, at *3.   Moreover, Mr. Shupe has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted his choice to the Court for approval, in accordance with the PSLRA.   *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).   On this point, Mr. Shupe unquestionably has the sophistication, resources, and experience sufficient to pursue the above-captioned action to a successful conclusion, including through the effective oversight of counsel.   Finally, there is no proof that Mr. Shupe is "subject to unique defenses that render such plaintiff incapable of representing the

class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Mr. Shupe satisfies the adequacy requirement.

## III.    MR. SHUPE'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Mr. Shupe has selected the law firm of Labaton Sucharow to represent the Class as Lead Counsel.  Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Ex. F.  Furthermore, Mr. Shupe has retained the Thornton Law Firm LLP to assist in the prosecution of the litigation at Labaton Sucharow's direction.

Likewise, Allen Brothers is well qualified to represent the Class as Liaison Counsel. It maintains an office in this District, and is thus well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve Mr. Shupe's selection of Labaton Sucharow as Lead Counsel for the Class and Allen Brothers as Liaison Counsel for the Class. The Court can be assured that, by approving his choice of counsel, the Class will receive the highest caliber of representation.

## **CONCLUSION**

For the foregoing reasons, Mr. Shupe respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Mr. Shupe as Lead Plaintiff; (3) approving his selection of Labaton Sucharow as Lead Counsel for the Class and Allen Brothers as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: August 30, 2021                    Respectfully Submitted,

                                                          */s/ James P. Allen, Sr.*
                                                          James P. Allen, Sr. (P52885)
                                                          Neil B. Pioch (P67677)
                                                          **ALLEN BROTHERS PLLC**
                                                          400 Monroe Street, Suite 620
                                                          Detroit, Michigan 48226
                                                          Telephone: (313) 962-7777
                                                          Facsimile: (313) 962-0581
                                                          jamesallen@allenbrotherspllc.com
                                                          neilpioch@allenbrotherspllc.com

                                                          *Proposed Liaison Counsel for the Class*

11

Christopher J. Keller (*pro hac vice forthcoming*)
Eric J. Belfi (*pro hac vice forthcoming*)
Francis P. McConville (*pro hac vice forthcoming*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff,*
*and Proposed Lead Counsel for the Class*

Guillaume Buell (*pro hac vice forthcoming*)
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 720-1333
Facsimile: (617) 720-2445
gbuell@tenlaw.com

*Additional Counsel for Proposed Lead Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2021, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*/s/ James P. Allen, Sr.*
James P. Allen, Sr. (P52885)
